UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK THOMAS EDWARDS,<br>　　　　　Plaintiff,<br>　　v.<br>TRAVIS DODSON,<br>　　　　　Defendant. | Case No. 25-cv-05366-KAW<br><br>**ORDER RE FILING FEE; SECOND ORDER TO SHOW CAUSE**<br>Re: Dkt. Nos. 10, 11 |

On June 26, 2025, Plaintiff Mark Thomas Edwards filed the instant action against Defendant Travis Dodson regarding the payment of Social Security benefits following his spouse's death. (Dkt. No. 1.) Plaintiff also moved to proceed *in forma pauperis* ("IFP"). (Dkt. No. 2.) Because Plaintiff's IFP application was incomplete, however, the Court ordered Plaintiff to submit an amended IFP application or pay the filing fee by July 23, 2025. (Dkt. No. 7.)

Plaintiff did not file an amended IFP application or pay the filing fee. Accordingly, on August 26, 2025, the Court issued an order to show cause regarding Plaintiff's failure to file an amended IFP application or pay the filing fee. (OSC, Dkt. No. 11.) The Court ordered Plaintiff to file a complete IFP application and explain his failure to timely file the amended IFP application by September 18, 2025. (*Id.*) The Court warned that failure to comply would result in the Court denying Plaintiff's IFP application and ordering Plaintiff to pay the filing fee. (*Id.*)

Also on August 26, 2025, Defendant filed a motion to dismiss. (Dkt. No. 10.) Defendant moved for dismissal on the ground that Plaintiff failed to exhaust his administrative remedies, as judicial review is only available after the Commissioner of Social Security issues a final decision. (*Id.* at 5 (citing 42 U.S.C. § 405(g)).) A final decision, in turn, follows a four-step process of administrative review, namely: (1) an initial determination of an individual's right to benefits, (2)

a request for reconsideration of the initial determination, (3) a request for and hearing before an administrative law judge ("ALJ"), and (4) review of the ALJ's decision by the Appeals Council. (*Id.* (citing 20 C.F.R. §§ 404.900(a), 416.1400(a)).) Plaintiff's opposition to the motion to dismiss was due on September 9, 2025.

To date, Plaintiff has not filed a response to the August 26, 2025 order to show cause or to Defendant's motion to dismiss. Indeed, Plaintiff has not filed anything in this case since June 27, 2025.

Accordingly, the Court ORDERS Plaintiff to pay the filing fee by **October 16, 2025**. Failure to pay the filing fee **will** result in the Court dismissing the case for failure to pay the filing fee. Additionally, the Court ORDERS Plaintiff to show cause, by **October 16, 2025**, why Defendant's motion to dismiss should not be granted by: (1) filing an opposition, which must explain whether Plaintiff has exhausted his administrative remedies,[1] and (2) explaining why he failed to timely file his opposition. Failure to comply **will** result in the Court granting Defendant's motion to dismiss as unopposed. (*See* Judge Westmore's General Standing Order ¶ 23 ("The failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute consent to the granting of the motion.").)

Should an opposition be filed, Defendant may file a reply on or before **October 23, 2025**. The Court CONTINUES the hearing on Defendant's motion to dismiss to **November 6, 2025** at **1:30 p.m**.

IT IS SO ORDERED.

Dated: September 24, 2025

KANDIS A. WESTMORE
United States Magistrate Judge

---

[1] Indeed, it is not apparent to the Court that Plaintiff's administrative remedies have been exhausted as it appears Plaintiff received an initial determination of death benefits on June 3, 2025. It seems highly unlikely that Plaintiff filed a request for reconsideration and received a decision, appealed that reconsideration decision to an ALJ and received a decision from the ALJ, and appealed the ALJ's decision to the Appeals Council and received that decision all before the filing of his complaint on June 26, 2025.